**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBIN MAIBACH, | ) | CASE NO. 1:19-cv-2607 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the Report and Recommendation of Magistrate Judge Jonathan D. Greenberg (Doc. No. 17 ("R&R")) with respect to plaintiff's complaint for judicial review of defendant's denial of her application for Supplemental Security Income ("SSI"). Plaintiff Robin Maibach ("Maibach" or "plaintiff") filed objections to the R&R (Doc. No. 18 ("Obj.")) and defendant Commissioner of Social Security ("Commissioner" or "defendant") filed a response to the objections (Doc. No. 19 ("Resp.")[1]). Upon *de novo* review and for the reasons set forth below, the Court hereby overrules plaintiff's objections and accepts the R&R.

**I.    BACKGROUND**

On December 2, 2016, Maibach filed an application for SSI alleging a disability onset date of March 5, 2011[2] and claiming disability due to anxiety, panic attacks, bipolar disorder, extreme depression, high blood pressure, deterioration in her lower back and neck, and crippled toes on her

---

[1] Commissioner's response adds nothing to the analysis, as it merely stands on the merits of the original brief.

[2] The disability onset date was amended to March 21, 2016 because of an earlier denied application that was not appealed.

left foot. (Doc. No. 11, Transcript ("Tr.") at 14, 191–92.[3]) The application was denied initially and upon reconsideration, and Maibach requested a hearing before an Administrative Law Judge ("ALJ"). (*Id*. at 240–42.) Represented by counsel, plaintiff participated in the hearing conducted on September 17, 2018; a vocational expert ("VE") also appeared. (*Id*. at 162–90.)

On November 15, 2018, the ALJ issued a decision finding that Maibach was not disabled. (*Id*. at 11–28.) After the Appeals Council denied review on September 19, 2019, the ALJ's decision became final. (*Id*. at 1–7.) Maibach timely filed the instant action, raising three issues for judicial review:

1. The ALJ failed to properly evaluate the opinions of the treating physician and treating psychiatrist in violation of 20 C.F.R. § 416.927.

2. The ALJ's determination regarding credibility was not supported by substantial evidence and violated Social Security Ruling 16-3p.

3. The ALJ did not meet his burden at Step Five of the Sequential Evaluation.

(Doc. No. 13, Plaintiff's Brief, at 968.)

On July 8, 2020, Magistrate Judge Greenberg issued his R&R, recommending that defendant's decision be affirmed because substantial evidence supported the ALJ's finding of no disability.

## II. DISCUSSION

### A. Standard of Review

This Court's review of the Magistrate Judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term

---

[3] For convenience, citations to the transcript use the bates numbers in the transcript; all other page number references herein are to the Page ID number assigned by the Court's electronic filing system.

is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to[]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). "Substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). If there is substantial evidence to support the defendant's decision, it must be affirmed even if the reviewing court might have resolved any issues of fact differently and even if the record could also support a decision in plaintiff's favor. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.") (citations omitted).

  **B.**  **Analysis**

    **Objection 1: The R&R cites a different reason than the ALJ for discounting the opinion of Dr. Alcorn**

Dr. Robert Alcorn, M.D., was Maibach's treating psychiatrist. (R&R at 1027, 1043.) In deciding to assign "less weight" to his opinion, the ALJ stated:

3

> [Dr. Alcorn] initially indicated that [Maibach] has no mental limitations/deficiencies, but had only treated the claimant a few times before providing this opinion. The following year, he indicated that she would have difficulty in performing tasks about 20% of the time resulting in being off-task 20% of the time and needing an extra break, yet did not provide a basis for his opinion other than she has only somewhat responded to treatment. Also, the opinions are not consistent with the longitudinal record of conservative treatment.

(Tr. at 21.) In the R&R, the magistrate judge evaluated the ALJ's findings as follows:

> It is reasonable for the ALJ to question Dr. Alcorn's rationale that Maibach had "responded only somewhat to treatment," when his two assessments, taken together, described her as growing significantly more impaired over the treatment period. ([Tr.] at 618.) It is also reasonable for the ALJ to note that, despite this decline, Dr. Alcorn did not significantly alter her treatment plan—for example, he saw her at 3 month intervals throughout the period, and although she told the ALJ at the hearing that she had requested services from a counselor and a case worker, the record does not show she received these services during the period at issue.

(R&R at 1046 (footnote omitted).)

Maibach objects that the R&R cites a different reason than the one given by the ALJ for discounting Dr. Alcorn's opinion as a treating source. She also argues that the ALJ's "one sentence rationale does not satisfy the criteria set forth by the Sixth Circuit, which requires that if the opinion of a treating source is not given controlling weight, 'the administrative law judge must apply specified factors in determining what weight to give the opinion and give good reasons . . . for the weight." (Obj. at 1057 (citing cases) (internal quotation marks omitted).)

The Court disagrees with Maibach's characterization that the R&R gives a different reason than the ALJ for discounting Dr. Alcorn's opinion. Although the R&R uses different phraseology, the rationale is the same as that of the ALJ. In particular, the ALJ noted Dr. Alcorn's report that Maibach "somewhat responded to treatment[,]" which was inconsistent with his conclusion in his second assessment that she was growing significantly more impaired—a conclusion reached despite "the longitudinal record of conservative treatment." (Tr. at 21.)

4

This "longitudinal record of conservative treatment" was discussed thoroughly in the ALJ's analysis of Maibach's residual functional capacity. (*See id*. at 19–22.) There was no need for the ALJ to repeat all of that just to artificially meet a requirement to articulate "good reasons" for his conclusion. When ascertaining the ALJ's "good reasons," his decision must be read as a whole. *See, e.g.*, *Murphy v. Comm'r of Soc. Sec.*, Case No. 1:18-cv-2602, 2019 WL 6463392, at *1 (N.D. Ohio Dec. 2, 2019) (quoting *Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 474 (6th Cir. 2016) ("Although the ALJ did not specifically identify the previously discussed objective medical evidence, it is clear which evidence he was referring to and thus strict compliance with the regulations is not necessary in this instance.")).

The R&R reached precisely the same conclusion as the ALJ: that one cannot *both* grow significantly more impaired *and* respond (if only somewhat) to treatment, especially treatment that has remained unchanged (*i.e.*, *longitudinally* conservative) despite the alleged increased impairment.

The R&R properly concluded that "the reasons [the ALJ] articulated were sufficiently specific to demonstrate that he correctly applied the treating source rule and to permit meaningful appellate review." (R&R at 1046.)

This objection is overruled.

> **Objection 2: The R&R proffered *post hoc* rationalizations for the ALJ's discounting of Dr. Krupitzer's opinion**

Dr. Thomas Krupitzer, M.D. was Maibach's primary care physician. (R&R at 1031.) In deciding to assign "less weight" to his opinion, the ALJ stated:

> [Dr. Krupitzer] opined that [Maibach] can perform less than sedentary work with being off-task and needing extra breaks and days off, which is not supported by his own treatment records of the claimant or any part of the record.

5

(Tr. at 22.) In the R&R, after reviewing Dr. Krupitzer's opinions and the "selection of medical records [he provided] instead of explaining the medical basis for his opinion[,]" (R&R at 1047), the magistrate judge evaluated the ALJ's finding as follows:

> As the ALJ observed, Dr. Krupitzer's opinion includes limitations that are not supported by the records he provided, and are hard to reconcile with any part the record. For example, his assertion that Maibach would be able to use her hands less than 10% of an eight-hour work day is puzzling given that her documented ailments affect her back and feet. ([Tr.] at 652.) Further, the selected records he provided pertain to a visit that occurred on the same day he wrote the opinion, and Maibach presented at that appointment with what appears to have been a sprained ankle resulting from a fall off a step stool the day before. (*Id*. at 653.) This creates a reasonable basis for the movement limitations in Dr. Krupitzer's assessment, but these limitations would not be expected to last 12 consecutive months, as required to establish disability under the regulations. This is also consistent with the ALJ's observation that the record as a whole did not support these limitations.

(*Id*. at 1048.) Maibach objects that the R&R gives her sprained ankle as a *post hoc* rationalization for the ALJ's having discounted her treating physician's opinion.

The ALJ was correct that Dr. Krupitzer had offered *no* reason for stating that Maibach had certain rather significant limitations,[4] merely stating for each limitation "Findings are attached"—apparently referring to the assortment of medical records he had supplied—which the ALJ concluded were not supportive of the limitations. *See Wilson v. Berryhill*, Case No. 3:16-cv-1771, 2017 WL 2720344, at *11 (N.D. Ohio June 23, 2017) (adopting R&R affirming the ALJ's discounting of treating physician's opinion because, when asked to set forth "What are the medical findings that support this assessment?," the physician simply wrote "yes—exam.").

---

[4] Dr. Krupitzer opined that Maibach could lift and carry 5 to 10 pounds; stand and/or walk for 15 minutes at a time; occasionally balance, stoop, or kneel but never climb, crouch, or crawl; had environmental limitations; would need to lie down for 10 minutes during the workday; could use her hands less than 10 percent of the workday; would be off task more than 20 percent of the time; would need more than four unscheduled breaks daily; and would be absent more than four times monthly. (Tr. at 651-52.)

The mere fact that Dr. Krupitzer was treating Maibach "for degenerative disc disease lumbar and chronic midline back pain with sciatica[]" (Obj. at 1057 (citing Tr. at 656)) does not, by itself, support all the limitations opined by Dr. Krupitzer, as plaintiff seems to suggest. The ALJ recognized that Maibach suffered from, *inter alia*, "[l]umber degenerative disc disease" that was "not slight," and "[had] more than a minimal effect on [her] ability to perform basic work activities during [the relevant] time period." (Tr. at 17.) Even so, the ALJ further noted that Maibach's medical records showed that "she has normal strength, normal sensation, normal reflexes, a negative straight leg raise, and a normal gait upon physical examination." (*Id*. at 19.) In addition, "x-rays of the lumbar spine [taken in November 2015] . . . showed only mild degenerative changes and retrolisthesis at the L4-L5 level[,]" while x-rays taken in June 2017 and an MRI from July 2017 again "showed only mild degenerative disease of the lumbar spine." (*Id*. at 19–20.) Another treating source, Dr. Carrie A. Diulus, M.D., had noted in December 2015 that Maibach's "pain was 'out of proportion to her images.'" (*Id*. at 19.) Further, at that time, Maibach was discharged from physical therapy "due to not returning for further treatment." (*Id*. at 19–20.)

Admittedly, it would have been helpful had the ALJ itemized *all* that Dr. Krupitzer had opined. But the ALJ's ultimate conclusion was so apparent from the record he had already laid out that any failure to include such itemization was harmless error. "Where the opinion of a treating physician is not supported by objective evidence or is inconsistent with the other medical evidence in the record, [a court] generally will uphold an ALJ's decision to discount that opinion." *Price v. Comm'r Soc. Sec. Admin.*, 342 F. App'x 172, 175–76 (6th Cir. 2009); *see also Hernandez*, 644 F. App'x at 474 (noting that, from "the previously discussed objective medical evidence," the ALJ's reasons were clear, making "strict compliance with the regulations" unnecessary).

7

As properly noted by the R&R, "while a more detailed explanation would have been helpful, the explanation [the ALJ] provided is sufficiently specific to make clear the reasons for [the] weight [given to Dr. Krupitzer's opinion]." (R&R at 1049.)

This objection is overruled.

## III. CONCLUSION

For the reasons discussed above, plaintiff's objections are overruled and the R&R is accepted. Because the defendant's decision was supported by substantial evidence, it is affirmed. This case is closed.

**IT IS SO ORDERED**.

Dated: October 9, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**